**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcellus B. Blackwell,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sierra View District Hospital,<br><br>　　　　　Defendant. | No. CV12-0462 PHX DGC<br><br>**ORDER** |

　　　　Plaintiff filed a pro se complaint against Defendant on March 6, 2012.  Doc. 1.  On November 6, 2012, Defendant filed a motion to dismiss for lack of jurisdiction.  Doc. 14.  Plaintiff failed to respond to the motion within the time limit set forth in the rules of procedure.  *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(d).  The Court issued an order giving Plaintiff until February 8, 2013 to file a response.  Doc. 18.  No response to the motion has been filed.  The Court will dismiss this action for lack of personal jurisdiction.

　　　　Plaintiff bears the burden of establishing personal jurisdiction.  *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir.1995).  Because the Court is resolving the motion to dismiss without an evidentiary hearing, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995).  That is, Plaintiff "need only demonstrate facts that if true would support jurisdiction over [Defendant]."  *Id*. at 1498; *see Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1085 (9th Cir.2000).

　　　　In considering whether Plaintiff has satisfied this standard, the Court must apply Arizona's long-arm statute, which permits an exercise of personal jurisdiction to the

maximum extent permitted by due process.  Ariz. R. Civ. P. 4.2(a); *see Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir.1995).  Therefore, absent traditional bases for personal jurisdiction (i.e., physical presence, domicile, or consent), the Court must consider whether Defendant has sufficient minimum contacts with Arizona such that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

If a defendant's contacts with Arizona are substantial, or continuous and systematic, the Court may assert general jurisdiction over the defendant even if Plaintiff's claims are unrelated to those contacts.  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir.1986).  Plaintiff has made no showing that Defendant's contacts with Arizona are substantial, or continuous and systematic.

Alternatively, the Court may assert specific jurisdiction over Defendant if Plaintiff demonstrates that (1) Defendant purposefully availed itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that has effects in the forum, (2) the claims arise out of or result from Defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.  *See Bancroft*, 223 F.3d at 1086.  Plaintiff has made no showing that Defendant, a hospital located in California, purposefully availed itself of the privileges of conducting activities in Arizona or directed conduct toward Arizona.

Plaintiff has failed to establish general or specific personal jurisdiction over Defendant.  The Court therefore will grant the motion to dismiss.

**IT IS ORDERED** that Defendant's motion to dismiss for lack of personal jurisdiction (Doc. 14) is **granted**.  The Clerk is directed to terminate this action.

Dated this 22nd day of February, 2013.

_____
David G. Campbell
United States District Judge